■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELROY LEWIN, Appellant. [717 NYS2d 161] —Judgment, Supreme Court, Bronx County (Daniel FitzGerald, J.), rendered February 24, 1998, convicting defendant, after a jury trial, of manslaughter in the first degree and criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 25 and 15 years, unanimously affirmed.

On appeal, defendant argues that he was deprived of due process by the prosecutor's failure to make timely disclosure of the fact that one of his eyewitnesses had received leniency in return for his testimony, and the prosecutor's delay in correcting the witness's testimony denying the existence of such an agreement. However, the only remedy requested by defendant at trial was that the witness's prior consistent statements

should be precluded on the ground that, but for the prosecutor's failure to make prompt disclosure, defendant would not have raised a "recent fabrication" issue, thus providing the essential predicate for introduction of prior consistent statements (*see, People v McDaniel*, 81 NY2d 10, 18). Accordingly, the only preserved issue in this case is the admissibility of the prior consistent statements, and we find these statements to be admissible.

Prior to the witness's testimony, the prosecutor, who had already mentioned during jury selection that one of his witnesses had received leniency in return for his testimony, provided defendant with the minutes of the witness's plea (taken before a different prosecutor and Justice). The minutes revealed that the witness was receiving probation in a drug case, partly because of his serious medical condition and partly because he was a witness in a homicide case. The minutes did not state explicitly that the witness was to testify in return for probation. It should be noted that this witness's status as a People's witness in the instant case predated the drug case upon which he pleaded guilty, and that the witness was sentenced to probation prior to the instant trial.

On both direct and cross-examination, the witness repeatedly denied that there had been any sort of agreement for his testimony, and insisted that, as far as he understood, he received probation solely because of his medical condition. During cross-examination, defendant also elicited that the witness had once again received lenient treatment on a subsequent arrest.

Following cross-examination, the prosecutor revealed that the witness had, in fact, been given probation in return for his testimony (a fact revealed to the jury later in the trial in the form of a stipulation to which defendant raised no objection). When the prosecutor sought to introduce consistent statements made by the witness long before his drug case arose, defense counsel did not dispute that a recent fabrication claim would normally open the door to such evidence, but unsuccessfully argued that he had been "set up" to raise a recent fabrication issue by the prosecutor's delay in correcting the witness's testimony.

We conclude that while the delayed disclosure was improper, there was no logical connection between it and defendant's strategic decision to raise a recent fabrication issue. The fact that the witness was receiving consideration, whether in the fashion reflected in the plea minutes or in the fashion belatedly revealed by the prosecutor, was fertile ground for impeach-

ment, and there is no reason to believe that defendant's strategy would have been different had the People corrected the witness's testimony prior to cross-examination. Moreover, as the court observed, defendant's cross-examination of the witness about the lenient disposition of a subsequent arrest also invoked the recent fabrication rule. Accordingly, we conclude that the prior consistent statements were properly admitted.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them, noting specifically that there was no evidence of bad faith or subornation of perjury, and that the aforementioned stipulation was sufficient to prevent any prejudice (compare, People v Steadman, 82 NY2d 1). In any event, were we to find any error, we would find it harmless because the witness in question was not the sole identifying witness and the error had no reasonable possibility of affecting the verdict. Concur—Mazzarelli, J. P., Wallach, Andrias, Saxe and Buckley, JJ.